UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re Application of

CLIFTON LAMAR CANNON, III,
    Petitioner.

                        Case No.: 3:26mc10/MCR/ZCB

_____/

## ORDER

Petitioner Clifton Cannon initiated this action by filing an *ex parte*[1]

application under 28 U.S.C. § 1782 to conduct discovery in the Northern

District of Florida for use in a foreign proceeding.  (Doc. 1).  For the

reasons below, Petitioner's application will be granted.

### I.    Background

Petitioner is a party to judicial proceedings in Costa Rica ("Costa

Rican Action").  In the Costa Rican Action, Petitioner is suing Maverick

Manufacturing, S.R.L., and Maverick Yacht Holdings, LLC, regarding

---

[1] Section 1782 applications are frequently resolved *ex parte*.  *See In re Braga*, 272 F.R.D. 621, 625 (S.D. Fla. 2011) ("[M]ost § 1782 applications . . . are filed and decided *ex parte*."); *see also In re Sociedad Militar Seguro de Vida*, 985 F. Supp. 2d 1375, 1381 (N.D. Ga. 2013) ("*Ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." (cleaned up)).

1

the construction and delivery of a luxury fishing vessel.  Petitioner is a resident of Florida.  Maverick Yacht, the party from whom discovery is sought, is a business incorporated in Florida with its principal place of business located in Destin, Florida.  (Doc. 1-11 at 2, 5-6).

Petitioner seeks from Maverick Yacht financial documents, communications between Maverick Yacht and Maverick Manufacturing, and other evidence related to the vessel at issue in the Costa Rican Action.  (Doc. 1-11 at 6-7).  Petitioner contends Maverick Yacht has no physical presence in Costa Rica and its documents and witnesses are, therefore, not within the Costa Rican court's jurisdiction.  Petitioner argues this application is necessary because Maverick Yacht and its management are located in Destin (in the Northern District of Florida), and neither Petitioner nor the Costa Rican court can compel Maverick Yacht to engage in discovery in Costa Rica.  (*Id.* at 5-7).  Petitioner argues he has satisfied the four statutory requirements of § 1782, as well as the four discretionary factors established by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).  (*Id.* at 8-14).

## II.    Discussion

"Section 1782 is the product of congressional efforts . . . to provide federal-court assistance in gathering evidence for use in foreign

2

tribunals." *Intel Corp.*, 542 U.S. at 247. Thus, § 1782(a) permits a "district court to grant assistance to a foreign or international tribunal in obtaining evidence for use in a foreign proceeding." *In re Pons*, 614 F. Supp. 3d 1134, 1140 (S.D. Fla.), *aff'd*, 835 F. App'x 465 (11th Cir. 2020).

Four statutory requirements must be met for a district court to grant a § 1782(a) application: "(1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (cleaned up).

Even if the four statutory requirements are met, "a district court is not required to grant a § 1782(a) discovery application . . . ." *Id.* at 1334. Instead, the decision is discretionary. *Id.* The Supreme Court has identified four factors to guide a district court in determining whether to exercise its discretion under § 1782(a): "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid generally is not as apparent as it

ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome." *Id.* (cleaned up).

### A. Petitioner's application satisfies the four statutory requirements of § 1782(a).

Petitioner argues that his application meets the four statutory requirements of § 1782(a) because he is an interested person in the Costa Rican Action, the application seeks discovery in Maverick Yacht's possession, the discovery is for use in foreign proceedings, and Maverick Yacht is found in the Northern District of Florida. (Doc. 1-11 at 8). The Court agrees that Petitioner has met the four statutory requirements.

First, Petitioner—as the plaintiff in the Costa Rican Action—is an "interested person" for § 1782(a) purposes. *Clerici*, 481 F.3d at 1331. "No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782[.]" *Intel Corp.*,

542 U.S. at 256. Thus, Petitioner's application is one made by an "interested person" in the Costa Rican Action. *See In re Sociedad Militar Seguro de Vida*, 985 F. Supp. 2d 1375, 1379 (N.D. Ga. 2013) ("[A]s the plaintiff in the Curaçao action, SMSV is an 'interested person.'").

Second, Petitioner's application seeks "evidence" in the form of the "testimony or statement of a person" or the "production of a document or other thing[s]." *Clerici*, 481 F.3d at 1331-32 (cleaned up). Petitioner's application requests documentary evidence from Maverick Yacht as well as to depose it regarding the vessel at issue in the Costa Rican Action. (Doc. 1-11 at 6-7, 9; Doc. 1 at 2). Petitioner, therefore, has satisfied § 1782's second statutory requirement. *See Sociedad Militar*, 985 F. Supp. 2d at 1379 ("[T]he application seeks evidence in the form of testimony and the production of documents.").

Third, the evidence sought is for use in the pending Costa Rican Action, which is a "proceeding in a foreign or international tribunal[.]" *Clerici*, 481 F.3d at 1332. The Costa Rican Action is a judicial proceeding in the Costa Rican Civil Court of Puntarenas. (Doc. 1-1 at 2-3). And Petitioner asserts that any documents obtained from Maverick Yacht will

be used in the Costa Rican Action.  (Doc. 1-11 at 9).  Accordingly, Petitioner has satisfied the third statutory requirement.[2]

Fourth, the entity "from whom discovery is sought"—Maverick Yacht—"reside[s] or [is] found in" the Northern District of Florida. *Clerici*, 481 F.3d at 1332.  Petitioner asserts that Maverick Yacht has its principal place of business in Destin, Florida—a city in Okaloosa County which is within the Northern District of Florida.  (Doc. 1-11 at 10).  As such, Petitioner has satisfied the fourth statutory requirement.  *See In re Glozman*, No. 25-MC-24525, 2026 WL 291008, at *3 (S.D. Fla. Feb. 4, 2026) ("[T]he entities from which Applicant seeks the evidence reside or are found in this District. As the Application notes, the Discovery Targets conduct business and have offices in this District, specifically principal offices in Miami. And when a company has an office and does business in Miami, it is found in the Southern District of Florida for purposes of § 1782." (cleaned up)).

---

[2] Admissibility of any documents obtained by Petitioner is an issue for the Costa Rican court.  *See In re Pons*, 614 F. Supp. 3d 1134, 1146-47 (S.D. Fla.) ("AMKE's arguments go to the admissibility of the evidence, which is an issue for the Ecuador Family Court to decide." (collecting cases)), *aff'd*, 835 F. App'x 465 (11th Cir. 2020).

Because Petitioner has satisfied the four statutory requirements of § 1782, the Court has authority to grant Petitioner's application. *Clerici*, 481 F.3d at 1333. The Court, however, is not required to grant the application. *Id.* at 1334. Instead, the Court must consider the four *Intel* factors to determine whether it should exercise its discretion and grant Petitioner's application. *Id.*

## B. Petitioner has satisfied the four discretionary factors of § 1782(a).

Petitioner states that the four *Intel* factors weigh in favor of granting his application. (Doc. 1-11 at 10-14). The Court agrees.

The first *Intel* factor asks "whether the person from who discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid is generally not as apparent . . . when evidence is sought from a nonparticipant[.]" *Clerici*, 481 F.3d at 1334 (cleaned up). Petitioner asserts Maverick Yacht is a party to the Costa Rican Action but is not participating in the case and is beyond the enforcement power of the Costa Rican court due to its location in Florida. (Doc. 1-11 at 11).

It is true that a "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel Corp.*, 542 U.S. at 264. But "nonparticipants in the foreign proceeding

7

may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* The latter situation exists here given Maverick Yacht's presence in the United States and its purported lack of participation in the Costa Rican Action. Thus, the first *Intel* factor weighs in favor of granting the application.

The second *Intel* factor considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court or agency abroad to U.S. federal-court judicial assistance." *Clerici,* 481 F.3d at 1334. Petitioner asserts that any evidence obtained through the present application can be used in the Costa Rican Action, and he further asserts that there is a strong presumption that foreign tribunals will be receptive to any such evidence. (Doc. 1-11 at 11-12). Those assertions are supported by the declaration of a Costa Rica attorney that Petitioner has provided in support of his application. (Doc. 1-1).

Nothing before the Court suggests that the Costa Rican court would not accept this Court's assistance. (Doc. 1-1 at 20-22). *See In re Application of MTS Bank*, No. 17-21545-MC, 2017 WL 3276879, at *8 (S.D. Fla. Aug. 1, 2017) (noting that courts look for "authoritative proof

that a foreign tribunal would *reject* evidence obtained with the aid of a §
1782" application).  Given the lack of anything in the record suggesting
that Costa Rica would be unreceptive to this Court's aid (Doc. 1-1 at 20-
22), the Court finds this factor is neutral or weighs in favor of granting
Petitioner's application.  *See Sociedad Militar*, 985 F. Supp. 2d at 1380
("[T]he undersigned is aware of nothing to suggest that the Court of First
Instance in Curaçao would not be receptive to judicial assistance from
this Court. This factor thus weighs in favor of granting SMSV's
application."); *see also In re Application of PQ Corp*., No. 6:13mc9-ORL-
36KRS, 2013 WL 3270407, at *6 (M.D. Fla. June 26, 2013) (finding the
second *Intel* factor weighed in favor of § 1782 applicant where an attorney
licensed to practice in the foreign jurisdiction averred that it was likely
the foreign court would welcome the evidence sought by the application).

The third *Intel* factor asks whether "the § 1782(a) request conceals
an attempt to circumvent foreign proof-gathering restrictions or other
policies of a foreign country or the United States[.]"  *Clerici*, 481 F.3d at
1334.  Petitioner asserts that its application does not offend any Costa
Rican proof-gathering restrictions because Costa Rica allows parties to
submit any means of evidence to pursue their case.  Petitioner also argues
that evidence being discoverable in the Costa Rican Action is not required

9

under § 1782 and that he does not have to exhaust all proof-gathering avenues in Costa Rica to obtain § 1782 assistance.  (Doc. 1-11 at 12-13).

The Eleventh Circuit has held that "there is no requirement to first seek discovery from the non-US tribunal or exhaust other options before applying to a district court for § 1782 discovery[,]" even "when the requested documents may be available in the foreign jurisdiction[.]"  *In re: Application of Bracha Found.*, 663 F. App'x 755, 765 (11th Cir. 2016).  Other courts in this circuit have also determined that the "relevant question for the third Intel factor is not whether" the foreign court "would order the requested discovery if it had jurisdiction over" the discovery target, but whether there are foreign "proof-gathering restrictions that are akin to privileges that would prohibit the acquisition or use of the items sought."  *See In re Application of Salem*, No. 23cv23186, 2024 WL 4464288, at *12 (S.D. Fla. Aug. 28, 2024) (cleaned up), *adopted*, 2024 WL 4314771 (S.D. Fla. Sept. 27, 2024).

Nothing before the Court suggests that Costa Rica has proof-gathering restrictions akin to privileges regarding the discovery sought by Petitioner.  Nor is there anything suggesting that Petitioner's application is an attempt to otherwise circumvent Costa Rican proof-gathering restrictions.  (Doc. 1-1 at 22).  Instead, Petitioner is

understandably using the § 1782 application "to overcome the practical impossibility of obtaining evidence located in the United States and held by a United States entity through Costa Rican procedural mechanisms." (*Id.*).  Accordingly, the Court finds the third *Intel* factor weighs in favor of granting the application.  *See In re Fundo de Liquidacao Financeira*, No. 8:21mc110, 2021 WL 4392258, at *2 (M.D. Fla. Sept. 23, 2021) ("Third, there is no evidence before this court suggesting FLF filed this application to circumvent proof-gathering restrictions or other policies by Brazil, and FLF alleges their discovery requests 'would not violate any restrictions in Brazil on evidence gathering.'").

The last *Intel* factor asks whether "the request is otherwise unduly intrusive or burdensome." *Clerici*, 481 F.3d at 1334 (cleaned up). "[U]nduly intrusive or burdensome requests may be rejected or trimmed." *Intel Corp.*, 542 U.S. at 265.  Petitioner asserts his requested discovery is not unduly intrusive or burdensome because the subpoena is temporally limited and seeks evidence relevant to the issues in the Costa Rican Action.  Petitioner is willing to confer with Maverick Yacht to address any scope or burden concerns that may arise.  (Doc. 1-11 at 13-14).

As noted by Petitioner, once "discovery is authorized under § 1782, the federal discovery rules, Fed. R. Civ. P. 26-36, contain the relevant

11

practices and procedures" for obtaining discovery.  *Clerici*, 481 F.3d at 1336.  Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and at "the discovery stage, relevancy is broadly construed[,]" *Smith v. USAA Cas. Ins. Co.*, 658 F. Supp. 3d 1054, 1061 (N.D. Fla. 2023).  "Courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26." *Exocel Bio, Inc v. EOC Analytics, LLC*, 2024 WL 5264416, at *3 (S.D. Fla. Aug. 19, 2024).  Essentially, "the scope of discovery is broad[.]"  *Id.* at *4.

Here, nothing before the Court shows that the discovery sought by Petitioner is unduly intrusive or burdensome.  The discovery appears relevant because Petitioner is seeking documents and other evidence directly related to the vessel at issue and the parties involved in the Costa Rican Action.  (Doc. 1-1 at 23-25; Doc. 1-2).  And the discovery request is limited in that it seeks only evidence regarding the vessel at issue and the transactions related to it during a specific time period—January 1, 2023, to today.  (Doc. 1-2).  Thus, the Court finds the fourth Intel factor weighs in favor of granting Petitioner's application.  *See In re Application of Setraco Nigeria Ltd.*, No. 3:13mc16-32MCR, 2013 WL 3153902, at *3 (M.D. Fla. June 19, 2013) ("Finally, the Petition is narrowly tailored to

12

the subject matter of Petitioner's contemplated actions, and to documents and information reasonably assumed to be within Bank of America's possession as the financial institution with which the U.S. Setraco Entity, as controlled by Nehme and Karam, has maintained at least one account, and is therefore not intrusive or burdensome.").

## III.  Conclusion

Because Petitioner has satisfied the four statutory requirements of § 1782 and the four *Intel* factors weigh in favor of allowing Petitioner to conduct the requested discovery, the Court will grant Petitioner's application.

For the reasons above, it is **ORDERED** that:

1.      Petitioner's *ex parte* § 1782 application (Doc. 1) is **GRANTED.** Petitioner is authorized to serve its subpoena (Doc. 1-2) on Maverick Yacht along with a copy of this order and its § 1782 application.[3]

2.      Within the time specified in the subpoena or another date agreed to by the parties, Maverick Yacht shall produce all documents within its possession, custody, or control and provide all testimony about

---

[3] Petitioner must comply with all notice requirements.  *See, e.g., In re Martinez*, 736 F. Supp. 3d 1189, 1204 (S.D. Fla. 2024) ("Our [§ 1782] Applicants must comply with the Federal Rules of Civil Procedure, namely Rule 45(a)(4).").

information in its possession, custody, or control responsive to the subpoena.

3.    Maverick Yacht is permitted to object or respond to the subpoena consistent with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** this 17th day of March 2026.

s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

14